Michele Anderson-West (9249)
Austin Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
michele@stavroslaw.com
austin@stavroslaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFERY HICKS, | |
| Plaintiff, | COMPLAINT |
| v. | (JURY DEMAND) |
| CENTURI CONSTRUCTION GROUP, INC. and CANYON PIPELINE CONSTRUCTION, INC., | |
| Defendant. | |

Jeffery Hicks by and through his attorneys, brings this complaint against Centuri Construction Group and Canyon Pipeline Construction, Inc. (together referred to herein, as "Defendants") jointly and severally, for causes of action arising from violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII").

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, all times relevant herein, resided in Riverside County, California and Salt Lake County, State of Utah.

2. Defendant Centuri Construction Group, Inc. is a for profit corporation doing business in Salt Lake County, State of Utah, and is the parent corporation of Defendant Canyon Pipeline Construction, Inc.

3. Defendant Canyon Pipeline Construction, LLC is a for profit corporation doing business in Salt Lake County, State of Utah.

4. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

5. At all times relevant to this Complaint, Defendants were "employers" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6. Jurisdiction is properly before this Court pursuant to 28 U.S.C. §§1331 and 1343.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c).

## ADMINISTRATIVE ACTION

8. Plaintiff filed a timely charge of discrimination with the Utah Labor Commission, Antidiscrimination and Labor Division and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his race.

9. Plaintiff received a Notice of Right to Sue issued by the EEOC dated February 2, 2018.

10. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

11. In early August 2016, Defendants sought out Plaintiff as a candidate to fill an open Supervisor position in Salt Lake City, Utah.

12. At the time, Plaintiff resided with his wife in Hemet, California.

13. Plaintiff participated in an initial telephone interview with Defendants' managers Christian Hicks ("Hicks") and Todd Cummings ("Cummings").

14. The initial telephone interview lasted approximately one hour, during which Hicks and Cummings asked Plaintiff about his work history and asked him a series of technical questions.

15. Approximately two weeks after the first telephone interview, Defendants initiated a second telephone interview with Plaintiff.

16. Hicks and Cummings also participated in the second telephonic interview, which lasted about 45 minutes.

17. During the second telephonic interview Defendants asked Plaintiffs more technical questions about his previous work and computer skills.

18. Approximately two days later, Hicks called and invited Plaintiff to an in-person interview in Salt Lake City, Utah.

19. Plaintiff flew to Salt Lake City on or around September 6, 2016 and met in person with Hicks and Cummings.

20. When Plaintiff arrived at Defendants' office, Hicks and Cummings appeared quite shocked upon seeing Plaintiff, apparently because Plaintiff is African American.

21. The interview lasted approximately 90 minutes, during which time Defendants asked Plaintiff questions about his income history and again, asked him technical questions job specific questions.

22. Approximately three to four days later, Hicks contacted Plaintiff and invited him to a second in-person interview in San Diego, California.

23. At this fourth interview, Plaintiff met with Hicks and Cummings again at a restaurant in San Diego, where they again questioned Plaintiff about his work experience, salary expectations.

24. Hicks and Cummings asked Plaintiff what he thought about moving to Salt Lake City.

25. Plaintiff said he thought he and his wife would like Salt Lake but asked whether Hicks and Cummings thought he would "fit in" as a black man.

26. Hicks and Cummings assured him that Salt Lake was quite diverse, and they were not concerned at all about him fitting in.

27. Unfortunately, that was not true and from the moment Plaintiff started his position with Defendant, he was treated less favorably and with more scrutiny than his Caucasian counter-parts.

28. Defendants set Plaintiff up to fail and did not give him the opportunity to learn the "Canyon Pipeline way."

29. Plaintiff provided a daily report to Bambrough for tracking purposes and from day one, asked Bambrough if he needed any improvements or had any suggestions for Hicks' performance.

30. In every instance, Bambrough told Hicks he was performing well, and no improvement was needed.

31. Around early February 2017, during a company-wide meeting with approximately four staff-members, Defendants announced there was a job walk at a location Hicks had never been to.

32. Hicks asked Bambrough and Reynolds if he could ride to the job site with them because Hicks had no idea where the job site was based on the description.

33. Bambrough and Reynolds told Hicks to meet about 30 minutes prior to the job walk.

34. Hicks went to the meeting spot, but Bambrough and Reynolds were not there.

35. Hicks called Bambrough and Reynolds and texted Bambrough and Reynolds to ask where they were, but neither responded to the phone calls or texts.

36. Hicks missed the job walk because Bambrough and Reynolds did not take Hicks with them as promised.

37. The next day, approximately February 4, 2017, Bambrough gave Hicks a Written Warning for missing the job walk

38. Approximately three days later, Bambrough gave Plaintiff a second Written Warning for allegedly spending too much time at a job site.

39. Defendants were to evaluate Plaintiff for the next ten days-but instead, terminated Plaintiff's employment a few days later.

40. Plaintiff had over 15 years' experience doing the type of work required with Defendants.

41. Plaintiff was terminated because Defendants discriminated against him based on the color of his skin.

42. Several weeks after his termination, Plaintiff was contacted by an employment agency regarding a position which specifically met Plaintiff's job experience.

43. The position referred to Plaintiff was his former position with Defendants.

44. Approximately 4 months after Plaintiff's termination, he was contacted again by an employment agency regarding a position which specifically met Plaintiff's job experience.

45. The position referred to Plaintiff was his former position with Defendants.

## CAUSE OF ACTION-DISCRIMINATION

46. The foregoing paragraphs are incorporated herein by reference.

47. Hicks is African American and as such, is in a protected class as defined in Title VII.

48. At all times during his employment with Defendants, he performed his duties with the care and expertise that was required for a position of crew supervisor.

49. Defendants discriminated against Plaintiff because of his skin color-and pretended Plaintiff had performance problems.

50. Defendants allege to have a reasonable policy to prevent and promptly correct discrimination and harassment-however, did not comply with those policies.

51. Defendants were negligent in controlling the working conditions, which negligence allowed the discrimination and termination of Plaintiff.

52. Defendants' pervasive discrimination has caused Plaintiff financial harm in the form of lost wages and benefits, including back pay and front pay, as well as emotional distress and other compensatory damages.

53. Plaintiff is entitled to recover damages for all past and future pecuniary losses, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses caused by Defendants' unlawful discrimination.

54. Defendants' actions described above were done with malice or a reckless indifference to Plaintiff's federally protected right to work in an environment where he is not subject to discrimination.

55. Due to the willful and malicious nature of the discrimination against Plaintiff, he is entitled to an award of punitive damages in an amount sufficient to deter Defendants from engaging in discriminatory conduct in the future.

56. Plaintiff is also entitled to recover all attorneys' fees and costs expended in pursuing this action, and such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff requests trial by jury on issues so triable to jury pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. For judgment in Plaintiff's favor and against Defendants for each cause of action;

b. For an order awarding Plaintiff all wages, compensation and other economic benefits lost as a result of Defendants' actions and omissions, including back pay and front pay (in lieu of reinstatement);

c. For an order awarding Plaintiff compensatory damages, including pecuniary and non-pecuniary damages;

d. For an order awarding Plaintiff liquidated damages in an amount proven at trial;

e. For an order awarding Plaintiff prejudgment and post-judgment interest as applicable;

    f.  For an order awarding Plaintiff attorney fees and costs of suit, including expert witness fees;

    g.  For an order awarding punitive damages; and

    h.  For an order awarding such further and additional legal or equitable relief as is appropriate.

DATED this 27th day of April 2018.

                STAVROS LAW, P.C.

                /s/ Michele Anderson-West
                *Attorneys for Plaintiff*