**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **JEFFERY HICKS,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**CENTURI CONSTRUCTION GROUP, INC. and CANYON PIPELINE CONSTRUCTION, INC.,**<br><br>     **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:18-cv-00350-PMW**<br><br><br>**Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court is Centuri Construction Group, Inc. and Canyon Pipeline Construction, Inc.'s ("Canyon") (collectively, "Defendants") motion to dismiss.[2]  Plaintiff Jeffery Hicks ("Plaintiff") has failed to respond to Defendants' motion, and the time for doing so has expired.

## BACKGROUND

On April 27, 2018, Plaintiff filed his complaint against Defendants.[3]  On July 25, 2018, Plaintiff served his first set of discovery requests on Defendants.  Canyon served its first set of

_____

[1] *See* docket no. 15.

[2] *See* docket no. 22.

[3] *See* docket no. 2.

discovery requests on Plaintiff on July 27, 2018. Defendants responded to Plaintiff's discovery requests, as required by the Federal Rules of Civil Procedure, on August 24, 2018. As of the date of Defendants' motion to dismiss, and despite numerous requests from Defendants that he do so, Plaintiff had not submitted any response to Canyon's discovery requests. Defendants have also made numerous attempts to schedule Plaintiff's deposition.

On October 12, 2018, Plaintiff's counsel filed a motion to withdraw.[4] The court granted that motion in an order dated October 15, 2018 ("October 15 Order").[5] The October 15 Order required Plaintiff or new counsel to "file a Notice of Appearance within twenty-one (21) days after entry of" the October 15 Order.[6] Thus, Plaintiff was required to appear or appoint counsel by November 5, 2018. The October 15 Order also warned Plaintiff that if he failed to comply with its terms, he may be subject to sanction under Rule 16(f)(1) of the Federal Rules of Civil Procedure, including, but not limited to, dismissal.[7]

On November 6, 2018, Defendants' counsel sent a copy of the October 15 Order to Plaintiff by e-mail and reminded him that he was now in violation of the October 15 Order.[8] In that e-mail message, counsel also requested that Plaintiff (1) respond to Canyon's discovery requests by November 16, 2018, and (2) provide his availability to be deposed in January 2019.[9]

---

[4] *See* docket no. 18.

[5] *See* docket no. 21.

[6] *Id.*

[7] *See id.*

[8] *See* docket no. 22, Exhibit 1.

[9] *See id.*

The following day, Plaintiff simply responded that he was "[i]n the process of retaining new counsel[.]"[10]

According to Defendants, as of the date of their motion to dismiss, Plaintiff had not responded to Canyon's discovery requests and had not contacted Defendants' counsel. Furthermore, as of the date of this order, Plaintiff has failed to comply with the October 15 Order.

<u>**ANALYSIS**</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also Espinoza v. State Farm Fire*, No. 1:13-CV-00057 DN, 2013 WL 11326736, at *1 (D. Utah Dec. 19, 2013) (granting motion to dismiss filed 7 days after the 21-day deadline to appear or appoint counsel had expired and dismissing complaint with prejudice).

Plaintiff has failed to submit responses to Canyon's first set of discovery requests, despite the fact that such responses were due long ago. Moreover, the October 15 Order required Plaintiff or new counsel to "file a Notice of Appearance within twenty-one (21) days after entry of" the October 15 Order.[11] The October 15 Order also warned Plaintiff that his failure to follow its terms could result in dismissal of his case.[12] That 21-day deadline expired more than two

---

[10] *Id.*, Exhibit 2.

[11] Docket no. 21.

[12] *See id.*

months ago, and Plaintiff still has not filed the Notice of Appearance required by the October 15 Order.  Finally, Plaintiff did not file any response to Defendants' motion to dismiss, which provides a basis for the court to grant the motion.  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice.").

For those reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss[13] is GRANTED and that this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 18th day of January, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[13] *See* docket no. 22.